PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

**FILED**
JAN 2 2 2004
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE __WESTERN__ DISTRICT OF TEXAS
__San Antonio__ Division

PETITION FOR A WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY

__Harold L. Shell Jr.__
**PETITIONER**
(Full name of Petitioner)

vs. __Douglas Dretke__
__Region IV Director__
__TDCJ-ID__
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner)

__Berry T. Telford__
**CURRENT PLACE OF CONFINEMENT**

__322933__
**PRISONER ID NUMBER**

**SA03CA1267 OG**
**CASE NUMBER**
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

---

# PETITION

## What are you challenging? (Check only one)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation  (Answer Questions 1-4, 5-12 & 20-23)
- ☐ A parole revocation proceeding.  (Answer Questions 1-4, 13-14, & 20-23)
- ☒ A disciplinary proceeding.  (Answer Questions 1-4, 15-19 & 20-23)

## All petitioners must answer questions 1-4:

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack: _ODESSA, ECTOR County_

2. Date of judgment of conviction: _July 21, 1981_

3. Length of sentence: _AS WRITTEN BY JURY; No LESS THAN 5 YEARS OR No MORE THAN 99 YEARS_

4. Nature of offense and docket number (if known): _MURDER_

---

## Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)

   ☐ Not Guilty       ☐ Guilty       ☐ Nolo contendere

6. Kind of trial: (Check one)   ☐ Jury       ☐ Judge Only

- 2 -

CONTINUED ON NEXT PAGE

7. Did you testify at the trial?   ☐ Yes        ☐ No

8. Did you appeal the judgment of conviction?        ☐ Yes    ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal?

   _____Cause Number (if known) _____

   What was the result of your direct appeal (affirmed, modified or reversed):_____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Result: _____

   Date of result: _____Cause Number (if known):_____

   If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☐ Yes        ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

    Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court.

    _____

    Grounds raised: _____

    _____

CONTINUED ON NEXT PAGE

Date of final decision: _____

Name of court that issued the final decision: _____

As to any *second* petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

☐ Yes   ☐ No

(a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

(b) Give the date and length of the sentence to be served in the future: _____

_____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐ Yes   ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

    ☐ Yes          ☐ No

    If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?      ☐ Yes     ☒ No

16. Are you eligible for mandatory supervised release?      ☒ Yes     ☐ No

17. Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

    John B. Connally Kenedy, Texas

    Disciplinary case number: 200/039863

18. Date you were found guilty of the disciplinary violation: July 12, 2001

    Did you lose previously earned good-time credits?      ☒ Yes     ☐ No

    Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: 230 + 30 days good time, minimun custody to medium custody for 1 year, SAT IIIc to Line IIc, SSI clerk status two (2) 2 year set-off from parole

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

    ☒ Yes          ☐ No

    If your answer to Question 19 is "yes," answer the following:

    Step 1 Result: Grievable time period has expired was stated GR- 2003076939

    Date of Result: Jan 2, 2003

    Step 2 Result: You may not submit a Step 2 appeal on a Step I grievance that was Returned to you unprocess.

Date of Result: ___FEB 3, 2003___

All applicants must answer the remaining questions:

20. State clearly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION:
    Exhaustion of State Remedies: You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
    Subsequent Petitions: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your belief that you are being held unlawfully.

DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)   Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)   Conviction obtained by the use of a coerced confession.

(c)   Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)   Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)   Conviction obtained by a violation of the privilege against self-incrimination.

(f)   Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)   Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)   Conviction obtained by a violation of the protection against double jeopardy.

(i)   Denial of effective assistance of counsel.

(j)   Denial of the right to appeal.

(k)   Violation of my right to due process in a disciplinary action taken by prison officials.

A. GROUND ONE: __Malicious Prosection__

Supporting FACTS (tell your story briefly without citing cases or law):

On the morning of July 9, 2001 a SSI knocked on my cell door and asked me to take a kite to work with me, I had no reason to believe it was anything but a letter (kite), not knowing this was
SEE ATTACKMENT p. 10

B. GROUND TWO: _____

Supporting FACTS (tell your story briefly without citing cases or law):

C. GROUND THREE: _____

Supporting FACTS (tell your story briefly without citing cases or law):

- 7 -

D.  GROUND FOUR: _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____
_____
_____
_____
_____
_____

21.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐  Yes      ☒  No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____
_____
_____

22.  Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐  Yes      ☒  No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____
_____
_____

o

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐ Yes    ☒ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____Pro-Se_____
Signature of Attorney (if any)

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __12-10-03__ (month, date, year).

Executed on __12-10-03__ (date).

_____Harold L. Shell, 322933_____
Signature of Petitioner (required)
Harold L. Shell Jr. 322933

Petitioner's current address: __Berry B. Telford Unit__
__P.O. Box 9200__
__New Boston, Texas 75570__

A. Continuation: MALICIOUS PROSECUTION

A pre-arranged agreement with Sgt. Piecuch, Lt. Lowe and Capt. Nunez, WHEN the confidential informant had given Sgt. Piecuch information that a inmate, Gallego Elijo was able to gain possession of Heroin during his visit. This was not any new news to Glenn Boldt - IAD or to Charles Ellingburg - Ass. Warden. Both of these TDCJ-ID employee told me they had been watching inmate Gallego for quit sometime. In fact Mr. Boldt and Warden Ellingburg stated they knew where he got the drugs from and to whom he was sending the drugs to and the other involved. Part of this statement can be seen or heard on the video/audio recording that I gave that morning in Mr. Boldt's office.

On the nite of July 8, 2001, the three Sgt. Piecuch, Lt. Lowe and Capt. Nunez did a search of inmate Gallego's current visit-ation, screen did show that he had received a visit on July 8, 2001 from his wife and daughter. This gave the informant's information some creditibility. The informant had also said that a inmate would take the herion from 4 building to the ~~dorms~~ laundry to be

10

continuation; Malicious Prosecution

given to a inmate to take to the dorms. A review of the work turn-out roster for Monday, July 9, 2001 showed only one inmate from 4 building to turn-out, Harold Shell. This is how I was brought into this mess to start with. Just because I was the only one to turn-out that morning. Someone with this information had to inform this informat of that fact. Any other day there would have been several other inmates, even Gallegos himself would have turn out for the laundry.

Warden Ellingburg said he knew I was just a mule and mules do not know the gangs' business. That someone had to take the fall and that someone was me.

On the morning of Dec. 9, 2002, in the District Court of Karnes County, Texas 81st District Court, four people testify. I testify that I did not know anything about any drugs or anything about any payment for carring any drugs. Two others (Mr. Boldt and Capt. Nunez) testify that it took Lt. Lowe 20 minutes, with the help of a small pocket knift to open this kite and had riped the note that was inside somewhat doing it. They both stated it was know way I could have open it and then re-sealed it. I could not have known what was in it. I did not know.

//

Continuation: Malicious Prosect'n

The fourth person to testify, confidential informant, (his testimony was on tape or film) I don't know, I was not allowed to hear or see it. I'm not sure what was said, but it had to be in my favor because after he was heard the district attorney, Herbert Hancock, the next day, ask the court to dismess the criminal action for the following reason to wit, "The interest of Justice necessitates a dismissal of the present case.

After two indictments, (Dec. 13, 2001 no. 01-12-00148-CRK and June 17, 2002 no. 02-06-00083 CRK) and three attornies Noel H. Reese, Wm Kyle Allen and Scott Pawgan. At which Mr Pawgan, for several months did everything he could to get me to sign for time. Over and over he kept telling me he had no way to represent me. No grounds for any kind of trial. I had to sign for time and that was that. I would spent the rest of my life in this prison but after two dismissal, March 6, 2002 no 01-02-00148-CRK and Dec. 10 2002 no. 02-06-00083-CRK I have found somewhat of a little less stress. Mr. Pawgan kept me so stressed out telling me there was just no hope of getting out of these charges or the enhancements. Just nothing he could do for me, but maybe get me a

12

continuation "Malicious Posse tion" deal on the enhancement. I would not give in, I knew there had to be some way. I did not do anything wrong. Then the day of the pre-trial, I was prepaired to tell the judge I wanted a new lawyer. Mr Pawgan did not or would not believe anything I had to say. Then Mr Pawgan ask me to finst give him a chance to show me what he knew. First he found out about the Life Endangerment I filed the very first day I was on Telford Unit. (August 6, 2001) Warden Ellingburg told me because the Mexican Mafia had a hit out on me I could never live in population again, but there was nothing in the Record about this so I got another major case. no 20010334073, August 8, 2001 at 11am at "7" building desk Offender Shell, was ordered by T. Lovelady to accept and move into 7 I 24 B and said offender failed to obey the order, because He felt his life was in danger. I lost another 30 days good time, 45 days Recreation and 45 commissary, 45 cell Restriction. Warden Ellingburg did not tell me the truth.

I have always been a clerk in a office somewhere. Even as a S.A.T. IIc or S.A.T. Ic living in a trusty camp, I've never had any disciplinary cases. I have always worked hard and stayed out of trouble to keep a clean Record. Because of this indcedent my Record

13

continuation: "Malicious Possect." is so messed up with all kinds of gang or organized criminal activitys.

I've always been a trusted inmate. Not any more. I have lost 760 days good time. I've been dropped from a S.A.T. III C to a Line II C and most importantly I went from a minimum custody inmate, to a medium custody inmate for one whole year. That also meant losing even more good time as a Line II C medium custody inmate plus, I was housed with a different class inmates I have never been around before. Bad inmates that don't care about any kinds of rules. They don't have any kind of regard for anyone or anything. I have had two-two year set-off from parole. I am sure that having (2) two major cases, loss of good time and being-ing reduced from a State Approved Trusty to a Line Class II, had a lot to do with it. It really looked bad to go from minimium custody to medium custody.

I have earned my State Approved Trusty III C back on my own with time and staying out of trouble, with no cases after one whole year. I got my minimum custody back. My record still refluxs a very bad period of time which was none of my doing. I still don't have my good time back or my SSI clerk status, but what officer would want a drug smugging inmate working in a

14

continuation: Malicious Possection? office for him.

I have suffer more these last few years mentally as well as physically. I have had three heart attacks and have not been as scared as I was to be made to believe I would spend the rest of my life in here because of T.D.C. employees that would not tell the truth, that I didn't know what was going on. Capt. Bates said so what, that's just to bad and he knew I didn't know anything about this.

Wherefore petitioner prays that the Court grant him the relief to which he may be entitled.

/5